12-2427-cr
*United States v. Garcia (Jerez-Vasquez)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         CHRISTOPHER F. DRONEY,
              *Circuit Judges*,
         ALISON J. NATHAN,
              *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

          v.                                    12-2427

JUAN GARCIA, JOSE ELIAS ALMANZAR,
AKA CAPTAIN RAYMOND, AKA WILFREDO SANCHEZ,
AKA HECTOR CASADO, AKA LUIS MAURA,
MANUEL LNU, JOSE GREGORIO JEREZ-TEJADA,
GREGORIO LNU, MERCEDES LNU,
RICHARD VLADIMIR BAEZ,

                              *Defendants*,

_____

[*] The Honorable Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

GUILLERMO JEREZ-VASQUEZ,
AKA GUILLERMO JEREZ-VAZQUEZ,

*Defendant-Appellant.*\*\*

FOR APPELLANT:      DAVID GORDON, New York, NY.

FOR APPELLEE:       DAVID I. MILLER, Assistant United States
                    Attorney (Katherine Polk Failla,
                    Assistant United States Attorney, *on the
                    brief*), *for* Preet Bharara, United States
                    Attorney for the Southern District of New
                    York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Defendant-Appellant Guillermo Jerez-Vasquez ("Jerez-Vasquez") appeals from a judgment by the United States District Court for the Southern District of New York (Forrest, *J.*) sentencing him to 46 months' imprisonment for his role in a tax-refund check fraud scheme and for illegal re-entry.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

---

\*\* The Clerk of Court is directed to amend the caption to conform to the listing above.

We apply a "'deferential abuse-of-discretion standard'" in reviewing sentences for procedural and substantive unreasonableness. *See United States v. Pope*, 554 F.3d 240, 244 (2d Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 52 (2007)). We will find procedural error when, *inter alia*, a district court fails to consider the factors specified by 18 U.S.C. § 3553(a) or "fails adequately to explain its chosen sentence" – particularly if the court departs from the Guidelines range. *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). We will set aside a district court's sentence for substantive unreasonableness "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *See id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Here, we find that the district court did not abuse its discretion in imposing a sentence at the bottom end of the Guidelines range of 46-57 months. Jerez-Vasquez entered the United States illegally to participate in a scheme to submit false tax returns in order to claim tax-refund checks. This scheme netted nearly $400,000 for Jerez-Vasquez and his co-conspirators. The district court emphasized three key factors in reaching its 46-month sentence. First, the court

3

expressed its dismay over Jerez-Vasquez's willingness to re-enter the United States illegally after having been deported in 2006 following receipt of a 24-month sentence for drug trafficking.  Second, the court explained its concern that Jerez-Vasquez was in the process of setting up his own tax-refund fraud scheme at the time he was arrested.  Third, the district court acknowledged Jerez-Vasquez's cooperation with the Government following his arrest and his substantial assistance with the investigation.

On the basis of these facts, consideration of the Section 3553(a) factors and the Government's Letter submitted pursuant to U.S.S.G. § 5K1.1, the district court believed that the Guidelines under-represented the seriousness of Jerez-Vasquez's conduct and that a 92-month sentence would have been warranted but for Jerez-Vasquez's cooperation with the Government.  Accordingly, the court reduced the sentence it would have imposed by half and sentenced Jerez-Vasquez to 46 months' imprisonment with no period of supervised release (in anticipation of immediate deportation upon release).  We find neither procedural nor substantive unreasonableness implicit in this sentence.  The district court reasonably explained its decision to impose a 46-month sentence based on the weight it assigned to each

4

relevant factor and its consideration of the totality of the circumstances. *See Cavera*, 550 F.3d at 191.

In addition, we reject Jerez-Vasquez's argument that the district court ignored the disparity between his sentence and his co-conspirators' lesser sentences. *See* 18 U.S.C. § 3553(a)(6). Even assuming that the district court was required to consider potential sentencing disparities amongst co-defendants, *but see United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008), the district court's conclusion does not seem unreasonable. Before leaving the bench, Judge Holwell sentenced two of Jerez-Vasquez's arguably more culpable co-conspirators to 20 months' and 36 months' imprisonment, respectively, with terms of supervised release. Although neither co-conspirator cooperated with the Government, neither was also charged with illegal re-entry after being deported for a drug trafficking conviction. Jerez-Vasquez was the only participant in the fraud scheme subject to this count, which carries a maximum penalty of 240 months' imprisonment. *See* 8 U.S.C. § 1326(b)(2). In sentencing Jerez-Vasquez, Judge Forrest acknowledged the lesser sentences received by his co-conspirators but did not believe that any disparity was unwarranted. We agree.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk